UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Criminal Case No. 74-82906
                                      Civil Case No. 11-15179

SHERMAN CLARK,

    Defendant.
                                            /

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On March 15, 2012, the court issued an order denying Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court noted that "Defendant's brief, handwritten, and only partially decipherable request provides no citation of authority—nor is the court aware of any—that would make legitimate a court order 'removing' an administrative detainer." (Op. & Order Den. Def.'s Mot. Vacate 3, Dkt. # 11). The court simultaneously denied a certificate of appealability.

On April 20, 2012, Defendant filed a motion for reconsideration which is of a similar character—handwritten, and only partially decipherable.[1] The motion appears to challenge the procedure by which the motion to vacate was decided. It argues initially as follows:

---

[1] Motions for reconsideration must be filed within 14 days from the entry of the judgment or order they challenge, *see* E.D. Mich LR 7.1(h)(1), making the due date in this instance March 29, 2012. Defendant's motion states it was "dated April 9, 2012." (Def.'s Mot. Recons. 1, Dkt. # 13.) While Defendant's failure to comply with the filing deadline is reason enough to deny reconsideration, the court also determines that his motion lacks merit.

> The court prevent [sic] movant from making a motion by passing upon or selecting not to respond to the request for court order for extension of time, and continuance along with a court order granting access to the law library to respond to the court and government which without the movant was unable to comply to the court, and unable to supply any citation of authority because movant was being denied access to the law library because movant did not have any document for the court or government to show that movant have [sic] a need or obligation of any time frame to meet where movant was never given extra access which mandatory [sic] upon documentation from court.

(Def.'s Mot. Recons. 1-2.)

The balance of the motion carries on in the same vein. The court fully explained its decision to not to grant relief or issue a certificate of appealability in its opinion and order denying the motion to vacate, and the court finds no reason to reconsider that decision.  A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  See E.D. Mich. LR 7.1(h)(3); *Hence v. Smith*, 49 F. Supp. 2d 547, 551 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Petitioner has not met his burden under Local Rule 7.1(h)(3) of showing that a palpable defect mislead the court or the parties, and its correction would result in a different disposition of the case. Accordingly,

IT IS ORDERED that Defendant's motion for reconsideration [Dkt. # 13] is DENIED.

       s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  September 10, 2012

I hereby certify that a copy of the foregoing document was mailed to Defendant and counsel of record on this date, September 10, 2012, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522